**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

NORRIS E. LAWRENCE, III, #312286

       Petitioner,

v.                           CIVIL ACTION NO. 2:06cv152

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

       Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner, Norris E. Lawrence, III ("Lawrence"), was convicted in a bench trial in the Circuit Court for the City of Norfolk, Virginia, ("Circuit Court") on March 28, 2002, of robbery, use of a firearm in the commission of a felony, and possession of a firearm by a convicted felon.[1] Lawrence was sentenced to fifty (50) years in prison, of which twenty (20) years was suspended, as

---

[1] Lawrence was represented at trial by Brett D. Lucas, Esq.

reflected in the Court's Sentencing Order entered on August 13, 2002.[2]

On November 12, 2001, Lawrence filed his petition for appeal[3] with the Court of Appeals of Virginia ("Court of Appeals").[4] Lawrence's appeal was denied on the merits[5] on April 3, 2002. Record No. 2013-02-1 ("Lawrence I").

On February 14, 2003, Lawrence filed a petition for appeal with the Supreme Court of Virginia.[6] On July 24, 2003, the Supreme Court of Virginia summarily denied the appeal. Record No. 030343 ("Lawrence II"). Lawrence did not file a petition for certiorari in the United States Supreme Court.

On May 12, 2004, Lawrence filed a pro se petition for a writ

---

[2]The sentencing hearing took place on August 2, 2002.

[3]Lawrence was represented on appeal by Robert E. Frank, Esq.

[4]The grounds for this appeal were essentially as follows:
   (1) The trial court should have ordered a new trial due to having been prejudiced by receipt of inadmissible evidence (co-defendant's confession implicating defendant).
   (2) The trial court erred by denying Lawrence the right to pursue his alibi defense.
   (3) The evidence was insufficient to support the judgment, so the trial court erred in refusing to set aside the judgment.

[5]The Court of Appeals determined that the record did not reflect that the trial judge had heard the inadmissible evidence; the trial court did not abuse its discretion in denying Lawrence the opportunity to present his alibi defense because Lawrence failed to comply with the court's discovery order; and the evidence was sufficient to prove beyond a reasonable doubt that Lawrence committed the charged offenses.

[6]The grounds for this appeal were the same as those presented to the Court of Appeals. See supra, note 4.

2

of habeas corpus in the Circuit Court ("first state habeas petition").[7] On July 13, 2005, the Circuit Court denied the petition on the merits.[8] Record No. L-04-1679 ("Lawrence III"). On August 8, 2005, Lawrence noted his appeal of this decision, but did not file an appellate brief.[9] Lawrence did not file an

---

[7]The grounds for this petition essentially were:
    (A) Lawrence's conviction was obtained in violation of the Fifth Amendment because the identification conducted at a "show up" was "unduly suggestive and subliminally suggestive to the victim."
    (B) Conviction was based on evidence obtained pursuant to an unlawful arrest, and "non-procedurally introduced."
    (C) Conviction was obtained by a coerced confession caused by defense counsel instructing Lawrence to take the stand and admit "he was in fact wearing a T-shirt."
    (D) Counsel was ineffective for the following reasons:
        (1) Counsel failed to make objections.
        (2) Counsel failed to protect Lawrence's right to a fair trial.
        (3) Counsel failed to have the gun and clip tested for fingerprints as Lawrence requested.
    (E) The trial court erred in denying Lawrence's motion to suppress identification testimony derived from the "unduly suggestive" "show up."

[8]The Circuit Court held that claims (A), (B), (C), and (E) were procedurally barred from review, under Slayton v. Parrigan, 215 Va. 27 (1974), because Lawrence failed to raise them at trial or on direct appeal. The Circuit Court held that claims (D)(1) and (D)(2) were too vague to afford the court a basis for determining ineffectiveness and prejudice. For claim (D)(3), the court considered an affidavit provided by defense counsel and determined that pursuant to Strickland v. Washington, 466 U.S. 668 (1984), counsel's tactical decision to not request testing was reasonable and entitled to deference.

[9]Although the notice was executed on August 8, 2005, it was not stamped as filed by the court until August 22, 2005. The Court notes that a Virginia Supreme Court Special Rule, effective September 1, 2004, recognizes a prison mailbox rule for inmate filings in the Virginia trial courts: a paper is timely filed by an inmate when "deposited in the institution's internal mail system with first-class postage prepaid on or before the last day of

appellate brief with the Supreme Court of Virginia.

On September 8, 2005, Lawrence filed a second state habeas petition with the Supreme Court of Virginia ("second state habeas petition").[10] On November 10, 2005, the Supreme Court of Virginia dismissed this petition as not timely filed, citing Va. Code Ann. § 8.01-654(A)(2). Record No. 051940 ("Lawrence IV"). On November 11, 2005, Lawrence submitted a letter to the Supreme Court of Virginia Clerk regarding the dismissal of Lawrence's second state-habeas petition (which Lawrence erroneously described as an appeal of his first state-habeas petition).[11] The court construed this letter as a request for a rehearing, which the court denied on January 24, 2006. Record No. 051940. ("Lawrence V").

On March 8, 2006, while in the custody of the Virginia Department of Corrections at the Wallens Ridge State Prison, Lawrence executed a federal petition for a writ of habeas corpus

---

filing." Va. Sup. Ct. R. 3A:25. The Court has applied this rule in considering Lawrence's notice of appeal as filed on August 8, 2005.

[10]This petition was stamped as filed by the court on September 15, 2005. The Court has applied Virginia's mailbox rule, see supra, note 9, in considering this state habeas petition as filed on September 8, 2005.
    The grounds for this petition were essentially the same as in the first state habeas petition filed with the Circuit Court. See supra, note 7. There were two (2) changes: (1) for claim (D)(1), counsel failed to make objections "to unreliable identifications," and (2) for claim (D)(3), counsel also failed to have money tested for fingerprints.

[11]This letter was filed by the court on November 17, 2005.

pursuant to 28 U.S.C. § 2254.[12] The Court filed this petition on June 7, 2006.[13] On June 16, 2006, Respondent filed his Motion to

---

[12] The memorandum attached to this petition requested an evidentiary hearing, which the court denies, infra.

[13] Lawrence appears to have originally executed a federal petition for habeas corpus on March 8, 2006. The petition was postmarked March 9, 2006, was received by the United States District Court for the Eastern District of Virginia, Richmond, on March 13, 2006, and was conditionally filed with this Court on March 16, 2006, because it was not accompanied by the $5.00 filing fee or a request to proceed in forma pauperis. On March 22, 2006, the Court requested Lawrence's inmate account records. On March 31, 2006, the Court received an unsigned Affidavit in Support of Request to Proceed in forma pauperis. On April 10, 2006, the Court entered an Order directing Lawrence to sign and return a copy of this Affidavit. Also on April 10, 2006, the Court received Lawrence's Prisoner Trust Fund Account Statement. On April 27, 2006, the Court received Lawrence's signed Affidavit. On April 28, 2006, the Court entered an Order denying Lawrence's request to proceed in forma pauperis and directing him to remit the $5.00 filing fee within 30 days of the Order. On May 12, 2006, the Court received a letter from Lawrence indicating he had submitted a withdrawal request for the $5.00 filing fee, and requesting an additional ten (10) days to allow for processing of that request. On May 18, 2006, the Court entered an Order extending Lawrence's deadline for payment of the filing fee until June 5, 2006. On June 6, 2006, the Court received the $5.00 filing. On June 7, 2006, the Court entered an Order filing Lawrence's petition.

The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004. As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions. In this case, as there is no evidence in the record to the contrary, the Court will assume that Lawrence delivered his federal habeas petition for mailing on the date he signed it, March 8, 2006.

Further, the Court considers Lawrence's petition as filed, for statute of limitations purposes, on that date. A federal habeas corpus petition is considered timely filed if it is deposited in the prison mailing system prior to the running of the statute of limitations, even if it does not comply with Rule 2 of the Rules Governing Section 2254 Cases or it lacks the requisite filing fee

Dismiss and Rule 5 Answer, accompanied by a supporting brief ("Respondent's Brief") and a Notice of Motion Pursuant to Local Rule 7(J).[14] Lawrence did not file a response to this motion.

### B. Grounds Alleged

Lawrence now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follows:

(a) The trial court erred in denying Lawrence's motion to suppress identification testimony derived from the "unduly suggestive" "show up" (state habeas claim (E));

---

or in forma pauperis form. See Rule 3 2004 Advisory Committee's Notes (recognizing that Rule 3 is silent as to the filing date of a petition not submitted on the proper form or not accompanied by the filing fee or a motion to proceed in forma pauperis, and advising that the court clerk, in such instances, must "accept the defective petition and require the petitioner to submit a corrected petition.") See also Thompson v. Greene, 427 F.3d 263, 269 (4th Cir. 2005) (applying United States v. Vonn, 535 U.S. 55, 64 n.6 (2002) ("In the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of a rule.")); Nichols v. Bowersox, 172 F.3d 1068, 1076 (8th Cir. 1999) (holding that Rule 3 of the Rules Governing Section 2254 Cases "is not dispositive" for purposes of establishing the time of filing of a habeas petition); Harris v. Vaughn, 129 Fed. Appx. 684, 690 (3rd Cir. 2005) (holding that "the date of filing for statute of limitations purposes is the date that the [federal] habeas petition is received by the court or by the appropriate prison official (if the mailbox rule applies), regardless of whether payment or an [in forma pauperis] application is attached, as long as either follows within a reasonable time and there is no evidence of bad faith.")

[14]The Court notes that Respondent's Notice of Motion erroneously referred to the Local Rule 7(J), instead of Local Civil Rule 7(K), but the Notice complied with the requirements of Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975). This included advising Lawrence that he had twenty (20) days in which to file a response to the Motion to Dismiss.

    (b)    Lawrence's conviction was obtained in violation of his "due process rights" because of the manner in which Lawrence was identified at his "show up";[15]

    (c)    Conviction was based on evidence obtained pursuant to an unlawful arrest, and "non-procedurally introduced" (state habeas claim (B));

    (d)    Counsel was ineffective for failing to have the gun and clip tested for fingerprints as Lawrence requested (state habeas claim (D)(3)); and

    (e)    Counsel was ineffective for the following reasons:

        (1)    Counsel failed to object to the admission of the gun, clip, and bullets into evidence;

        (2)    Counsel failed to object to unreliable court identification testimony (state habeas claim (D)(1));

        (3)    Counsel failed to object to the motive for robbery proffered by the Commonwealth;

        (4)    Counsel failed to make a motion to strike at the close of the Commonwealth's case;

        (5)    Counsel failed to protect Lawrence's right to a fair trial (state habeas claim (D)(2));

        (6)    Counsel failed to submit a motion for alibi;

        (7)    Counsel failed to investigate Lawrence's alibi;

        (8)    Counsel provided the victim a photograph of Lawrence, leading the victim to confirm her identification of Lawrence; and

        (9)    Counsel coerced Lawrence to take the stand and incriminate himself by admitting "he was

---

[15]The facts of this claim were presented in Lawrence's state habeas petitions as claim (A), <u>see supra</u> note 7, but those claims were based on an asserted "Fifth Amendment" violation.

7

wearing a T-shirt."[16]

## II. PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING

As a preliminary matter, the Court considers Lawrence's request for an evidentiary hearing. The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. See Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, the Court DENIES Lawrence's motion for an evidentiary hearing.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need not address the merits of Lawrence's habeas corpus petition because the Court FINDS that the claims are procedurally defaulted before this Court and that the petition is barred by the statute of limitations.

### A. Procedural Default

Generally, a § 2254 petitioner must exhaust his claims in state court before he may be heard in federal court. Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004); Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000); Matthews v. Evatt, 105 F.3d 907, 910 (4th Cir. 1997). If his claims could not be exhausted in state court because they were procedurally barred in state court pursuant

---

[16]Although the substantive issue that Lawrence was coerced into confessing was presented in Lawrence's state habeas petitions as Claim (C), it was not presented as an ineffective assistance of counsel claim.

to an adequate and independent state procedural rule, the claims are procedurally defaulted in federal court and federal habeas review is ordinarily barred. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Respondent concedes that all of Lawrence's claims in the instant petition were exhausted either because they were included in Lawrence's second state habeas petition, which was filed with the Supreme Court of Virginia, Lawrence IV, or because they were new claims that "'would be procedurally defaulted under state law if . . . raise[d] . . . at this juncture.'" Respondent's Brief, at 3 (quoting George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996)). Respondent asserts, however, that the claims set forth in that petition (claims (a), (b), (c), (d), (e)(2), (e)(5), and (e)(9) in the instant petition) are also defaulted because they were barred from the Supreme Court of Virginia's review on procedural grounds. Respondent's Brief, at 5-6. The Supreme Court of Virginia denied that petition as untimely, pursuant to Va. Code Ann. § 8.01-654(A)(2), Lawrence IV, at 1. The Fourth Circuit has held that failure to timely file a state habeas petition is an "independent an adequate state bar" to federal habeas review of the dismissed claims. Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). The Court notes, however, that if Lawrence included any of these claims in his direct appeal, they would not necessarily be procedurally defaulted. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)

9

("[P]risoners must give the state courts one full opportunity to resolve any constitutional issues."). Because none of claims (a), (b), (c), (d), (e)(2), (e)(5), and (e)(9) were presented on direct appeal, they are procedurally defaulted before this Court, as Respondent asserts. See Respondent's Brief, at 5-6.

This Court notes that the remainder of the claims in the instant petition (claims (e)(1), (e)(3)-(4), (e)(6)-(8)) were also not properly presented to the Supreme Court of Virginia through Lawrence's direct appeal. Because these would be procedurally barred from review if now raised in a state habeas petition, see Va. Code Ann. § 8.01-654(B)(2), these claims are also procedurally defaulted before this court. Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997). As a result, this Court FINDS that all of Lawrence's claims are procedurally defaulted.

### B. Limited Exceptions to Procedural Default

Although Lawrence's claims are procedurally defaulted, he may still obtain review of his claims if he can establish either: (1) cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he is convicted. Clagett, 209 F.3d at 379 (citing Coleman, 501 U.S. at 750); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

Cause refers to "some objective factor external to the

defense" that impeded compliance with the State's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) the novelty of the claim; and (4)constitutionally ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)).  An absence of due diligence by the petitioner will defeat an assertion of cause.  See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

Lawrence simply failed to properly appeal the Circuit Court's dismissal of his first state habeas petition to the Supreme Court of Virginia, and instead filed the second state habeas petition with the Supreme Court of Virginia.  He provides no explanation for his failure to do so, and continues in the instant petition to characterize the second state habeas petition as an appeal of the petition filed in the Circuit Court.  Federal Petition, at 11. Consequently, Lawrence has failed to establish the requisite cause or prejudice for this Court to hear his petition on the merits.[17]

---

[17]Indeed, even were the Court to construe Lawrence to argue that he should be excused for his unfamiliarity with the legal system and his pro se status, such factors do not constitute cause because these are not "objective factor[s] external to the defense" under Murray v. Carrier, 477 U.S. 478, 488 (1986).  See, e.g., Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) ("youth and

Lawrence has also not asserted he is entitled to an exception to procedural default based on a miscarriage-of-justice.

Accordingly, the Court FINDS that the claims raised in the instant petition are procedurally barred before this Court, and recommends that the petition should be DENIED.

### C. Statute of Limitations

Lawrence's petition is also barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254, effective April 24, 1996, is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

Ordinarily, Lawrence would have had one (1) year from the date on which his conviction became final to file a petition for federal habeas corpus relief. His conviction became final on October 22,

---

lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), cert. denied, 537 U.S. 1214 (2003); Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993) (ignorance or inadvertence do not constitute cause to excuse a procedural default); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

2003, which was ninety (90) days after the July 24, 2003, denial of his petition for appeal by the Supreme Court of Virginia and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, without considering any tolling provisions, infra, Lawrence had until October 22, 2004, to file his federal petition for a writ of habeas corpus. Lawrence did not file the instant federal petition until March 8, 2006, which was approximately 502 days outside the applicable limitation period.

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending. 28 U.S.C. § 2244(d)(2). Such an application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003) (a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))).

An application for state post-conviction review is "properly

filed" not merely when it is delivered or accepted by the relevant court. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Rather:

> an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Id. Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitation period. Id. at 9 (application was not properly filed and limitation period was not tolled where fee was not included with filing).[18] See also Pace v. DiGugliemo, 544 U.S. 408, 417 (2005) ("we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"). On the other hand, an application that complies with such rules governing filings, but that contains claims that are procedurally barred, is still a properly filed application that

---

[18]See also Osborn v. Dotson, 2002 WL 32443533 at *2 (E.D. Va.) (application was not properly filed because it was submitted on improper forms, was not sworn under penalty of perjury, and did not contain a description of facts and procedural history for each claim); Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (petition for appeal was not properly filed because it did not contain a list of errors as required by Va. Sup. Ct. R. 5:17(c)).

tolls the statute of limitations.  Bennett, 531 U.S. at 9.

In this case, the record reflects that Lawrence's first application for state habeas relief was properly filed on May 12, 2004, within the meaning of § 2244(d)(2).  Thus, the statute of limitations was tolled for 427 days during the time that Lawrence's first state habeas petition was pending, from the date it was filed, May 12, 2004, until July 13, 2005, when the Circuit Court dismissed the petition.  This tolling extended the time for Lawrence to file his federal habeas corpus petition to December 23, 2005.[19]

On the other hand, Lawrence's second state habeas petition filed with the Supreme Court of Virginia was not properly filed because it did not comply with the statute of limitations.  Pace, 544 U.S. at 413-14 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of 2244(d)(2).")  Therefore, no tolling of the statute of limitations was available for the time that Lawrence's second state habeas petition was pending.  Thus, the statute of limitations was never tolled after July 13, 2005, the date on which Lawrence's first

---

[19]There were 203 days between October 22, 2003, the date Lawrence's conviction became final, and May 12, 2004, the date Lawrence filed his first state habeas petition, leaving 163 days remaining on the one-year statute of limitations period.  The limitation period was then tolled 427 days until the Circuit Court's July 13, 2005, denial and dismissal of the state habeas petition.  This meant that the federal petition must have been filed on or before December 23, 2005 (163 days after the denial of the state habeas petition).

state habeas petition was dismissed.  The deadline for Lawrence to file his federal appeal for habeas corpus remained December 23, 2005, supra, and he was approximately 75 days after and outside the limitation period when he filed the petition on March 8, 2006.

Accordingly, the Court FINDS that the instant petition is time-barred and recommends that it be DENIED.[20]

## IV. RECOMMENDATION

For the foregoing reasons, the Court, having denied Lawrence's motion for an evidentiary hearing, recommends that Lawrence's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Lawrence's claims be DISMISSED WITH PREJUDICE.

Lawrence has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are

---

[20]Lawrence did not provide an explanation in the instant petition for exceeding the statute of limitations, nor did he respond to Respondent's Motion to Dismiss, which asserted statute of limitations as an affirmative defense.  Respondent's Brief, at 4-5.  Consequently, the Court does not construe Lawrence to provide any circumstances to support equitable tolling.

16

notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

Entered on December 6, 2006

                                              /s/
                                      F. Bradford Stillman
                                      United States Magistrate Judge

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

    Norris E. Lawrence, #312286
    Wallens Ridge State Prison
    P.O. Box 759
    Big Stone Gap, Virginia 24219
    PRO SE

    Stephen R. McCullough, Esq.
    Assistant Attorney General
    Office of the Attorney General
    900 E. Main Street
    Richmond, Virginia 23219

                                  Fernando Galindo,
                                  Acting Clerk of Court

                    By: _____
                           Deputy Clerk

                           December    , 2006